[No. 6624.    Decided April 4, 1907.]

BREHM LUMBER COMPANY, *Respondent*, v. C. B. NIBLOCK, *Appellant*.[1]

JUDGMENTS—RES JUDICATA—MATTERS CONCLUDED—DETERMINATION —EVIDENCE. In an action between joint builders of a spur track to recover a balance due from one to the other on account of expenditures, a general verdict in favor of the plaintiff for $2,800 cannot be shown by a computation to conclusively establish the fact that the cost of construction was $10,943.56, so as to estop a party from claiming in a subsequent action that the cost was $12,836.75, where there was no special finding in the previous suit, and it appears that a counterclaim was interposed for an independent matter, which the jury might have allowed under the evidence, and where in the previous action the cost of construction was shown by the written statement of one party to be $12,836.75, and by the admission of the other party to be $12,253.30, and was admitted in the pleadings of the subsequent action to be $11,313.16.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 2, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Peters & Powell*, for appellant.

*Brownell & Coleman*, for respondent.

[1]Reported in 89 Pac. 1134.

CROW, J.—On August 5, 1901, the defendant, C. B. Niblock, entered into a written agreement with the Northern Pacific Railway Company, for the building of a spur from one of its branch lines to a mine owned by defendant, in section 1, township 24, north, of range 7, east, W. M. The defendant was to furnish right of way, grade, and ties, and pay for the labor of laying and surfacing the track. The railway company was to furnish the labor for which the defendant was to pay, and was also to furnish rails, angle bars, bolts, spikes, and switch materials at its expense. It was also to allow the defendant a rental of $1.50 per loaded car for all shipments to and from the spur until such rentals should fully equal the total amount paid by the defendant for track labor, surfacing, etc. The plaintiff corporation, Brehm Lumber Company, being the owner of the timber on section 36, in township 21, north, of range 3, east, land belonging to defendant, having the right to remove such timber, and desiring to jointly use the spur, entered into a written contract with defendant Niblock providing, that they should jointly build the spur and equally divide the expense; that if either should fail to join in construction, the other might do the work and charge one-half of the cost to the defaulting party, who should pay the same upon demand; that when the timber was removed from section 36, and the Brehm Lumber Company should have surrendered the land to Niblock, he— Niblock—should thereafter have the exclusive use of the spur; that if, at the time of such removal of the timber and surrender of the land, the car rental then received from the railway company had not been sufficient to defray the entire cost of construction, Niblock should pay the Brehm Company one-half of the difference between the cost of construction and the amount of the rentals then received. From this statement it will be seen (1) that, in the first instance, one-half of the original cost of construction was to be paid by each party, (2) that the car rental was to be applied on the cost of construction, and (3) that when the Brehm Company

had removed the timber and surrendered possession of section 36, Niblock should pay the Brehm Company such portion of the remaining one-half of the cost of construction as had not been satisfied by the car rentals.

The spur was built by the plaintiff Brehm Company at its expense, the defendant from time to time making partial but not full payments of its one-half therefor. When the spur was completed, the Brehm Company demanded from Niblock the unpaid portion of his one-half of the cost, and instituted suit to recover the same, together with one-half of the car rentals then received by Niblock. In that action the Brehm Company, after a jury trial, recovered a judgment for $2,800, which was paid. Afterwards the plaintiff, claiming that it had completely removed the timber and had surrendered section 36 to the defendant, brought this second action to recover the sum then remaining due on the original cost of construction. In its complaint it alleged such original cost to be $12,836.75; that the defendant Niblock had paid $7,397.53 thereon, and demanded judgment for $5,439.22. The defendant by his answer alleged that the original cost of construction was only $11,313.16; that such fact had been adjudicated on the trial of the former action; that the plaintiff should be estopped from denying the same; that the defendant was entitled to a counterclaim of $364.50, treble damages for a trespass committed by the Brehm Company in entering defendant's land and removing timber of the value of $121.50; and that defendant had paid taxes for 1904, amounting to $68.13, for one-half of which the plaintiff was liable. The trial court made findings in favor of the plaintiff. From a judgment for $4,566.55, entered thereon, the defendant has appealed.

The appellant contends that the trial court erred (1) in not finding that the total cost of construction was conclusively determined in the previous suit to be $10,943.56; (2) in failing to find that the appellant was entitled to its counterclaim for trespass; (3) in failing to allow appellant one-half

of the taxes for 1904; and (4) in finding the respondent entitled to any greater sum than $3,390.47. The principal contention is, whether in the first action the jury actually determined the entire cost of construction to have been $12,-836.75, as alleged by the respondent, instead of $11,313.16, as alleged by appellant, or $10,943.56 as now contended in his brief. It was agreed at the trial of the first action that the appellant had theretofore paid the Brehm Company $4,597.53 on account; that appellant had then received car rentals from the Railway Company to the amount of $3,-635.50; that the respondent was entitled to $1,817.75, one-half thereof, and that the appellant had paid $216 taxes, for one-half of which respondent was liable.

The appellant, in explaining how the jury arrived at its verdict of $2,800 in the first action, now presents a tabulated statement showing the various items which he insists they considered and allowed, and by calculation concludes that they must have fixed the original cost of construction at $10,943.56. This method of ascertaining the facts found by the jury, while very ingenious, is not convincing. Appellant's system of analysis ignores several important factors; for instance, in the first action he presented a counterclaim of $750, for one-half of the profits earned by respondent in running a boarding house, and introduced evidence to support the same. The question as to whether it was sustained was submitted to the jury under proper instructions. A general verdict for $2,800 was returned. No special finding as to any one item was made. Evidence which would have warranted the allowance of this boarding-house item was admitted, and submitted to the jury for their consideration, while evidence which would have sustained them in rejecting it either in whole or in part was also admitted. In the absence of special findings it is impossible to determine how the jury arrived at their general verdict for $2,800. The verdict shows that it included interest to date of trial. Appellant makes no allusion to this item in his analysis. All evidence

offered on the first trial was by agreement admitted on the trial of this action, and it shows that the respondent and the appellant jointly presented to the Railway Company a written statement prepared by respondent, showing the original cost of construction to have been $12,836.75. Moreover on the first trial the appellant Niblock admitted the cost of construction to have been $12,253.30. By his answer in this case he admits $11,313.16. It would be unreasonable to now assume that the jury on the first trial found the cost of construction to be only $10,943.50. The record fails to show that the verdict of the jury and the judgment in the first action so definitely adjudicate or ascertain the cost of construction as to estop the respondent from showing the same in this action. Without further discussion, we will state that, after a careful examination of the record, we conclude the findings made by the trial court were sustained by the preponderance of the evidence and support the final judgment entered.

The judgment is affirmed.

HADLEY, C. J., ROOT, MOUNT, and FULLERTON, JJ., concur.